Connor Lynch (SBN 301538)
connor@lynchllp.com
LYNCH LLP
1620 5th Avenue, Suite 650
San Diego, California 92101
(949) 229-3141

Attorneys for Plaintiff Joseph Franco

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph E. Franco,<br><br>    Plaintiff,<br>        v.<br><br>Cynthia Pagan and Darren Badong, d/b/a Back To Sports<br><br>    Defendants. | Civil Action No. 17-CV-6285<br><br>Complaint for Copyright Infringement and Unfair Competition<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff, by and through his attorneys of record, alleges as follows:

**Factual Allegations**

1. Since at least September 14, 2017, Defendants have been using photographs in online marketing material without paying the photographer and copyright holder, Plaintiff Joseph Franco.

2. The website at issue, which promotes a gym and fitness center, is run by Defendants Cynthia Pagan and Darren Badong, who operate a general partnership doing business as "Back To Sports" in San Francisco, California.

3. When Mr. Franco confronted Defendant Pagan about the use of the photographs on the website without payment, she replied in an email, "We would like to continue to use the photos but I am not interested in paying you."

4. The events leading to this dispute began in March 2017, when Mr. Franco agreed to develop a website and create photographs in connection with a new website for Back To Sports.

5. In early April 2017, Defendant Pagan and Mr. Franco arranged for Mr. Franco to provide photography services for a fee, and on April 12, 2017, Mr. Franco created several photographs on location at the Back To Sports gym.

6. Later in April, Mr. Franco provided low resolution versions of these photographs for preview by Defendant Pagan, who had not paid for the photographs and, as it turns out, never would.

7. Separately, Defendant Pagan arranged for Mr. Franco to develop the Back To Sports website. Their agreement, memorialized in a March 16, 2017 email to Defendant Cynthia Pagan, provided that Mr. Franco would deliver a "[w]ebsite with 5 pages" for a fixed fee.

8. In April 2017, Mr. Franco delivered all five pages.

9. When Defendant Pagan demanded revisions beyond the scope of the website agreement a first time, Mr. Franco provided revisions, for free, to placate her. And when she demanded a second round of revisions, Mr. Franco again provided free revisions to placate her.

10. But around May 3, 2017, Defendant Pagan was demanding yet another round of revisions. She refused to provide complete feedback because Mr. Franco had "enough to work with to show [Back To Sports] an improved version"; she insisted she had "shared [Back To Sports's] feedback up to this point"; and she never offered to compensate Mr. Franco for his time spent beyond what was agreed. Faced with nonpayment for the photographs and a never-ending stream of demands for work without compensation, Mr. Franco stopped responding to Defendant Pagan.

11. Instead of paying to use the photographs, Defendants simply used the lower-resolution preview versions on the Back To Sports website, which featured eight of Mr. Franco's original works: "Gym Weights," "Barbell Stack," "Senior Fitness," "Boxing Training," "Fitness Therapy Studio, Outdoor," "Stretches," "Gym, Interior Shot," and "Exercise Equipment."

12. On September 26, Mr. Franco confronted Ms. Pagan over the use of his photographs without payment. He insisted that either payment be made or the photographs be removed from the Back To Sports website within 48 hours. Defendant Pagan did not respond, and the photographs were not removed from the Back To Sports website within 48 hours.

13. On October 17, 2017, Mr. Franco, through counsel, sent Ms. Pagan a letter that stated, among other things: "To the extent any agreement or offer to use

the works has been extended to you in the past and remains outstanding, such agreements or offers are hereby rescinded."

14. On the evening of October 17, Defendant Pagan wrote Mr. Franco an email that stated, among other things, "We would like to continue to use the photos but I am not interested in paying you." Defendant Pagan continued to use the photographs on the Back To Sports website.

15. As of October 25, the photographs appear to no longer be accessible through the Back To Sports website. On information and belief, Defendants continue to possess unauthorized copies of the photographs.

16. Attached to this complaint as Exhibit A is a true and correct copy of various webpages on the website http://www.backtosports.com, as it existed from approximately September 14, 2017 to October 24, 2017, with annotations to help identify infringing images. Plaintiff's works may be identified in Exhibit A by reference to the table below:

| Item # | Title of Plaintiff's Work |
|---|---|
| 1 | Fitness Therapy Studio, Outdoor |
| 2 | Stretches |
| 3 | Gym, Interior Shot |
| 4 | Gym Weights |
| 5 | Exercise Equipment |
| 6 | Barbell Stack |
| 7 | Boxing Training |
| 8 | Senior Fitness |

## Parties

18. Plaintiff Joseph Franco is a photographer based in San Francisco, California.

19. On information and belief, Defendants Cynthia Pagan and Darren Badong are residents of San Francisco who own and operate a general partnership doing business as Back To Sports. Defendants Cynthia Pagan and Darren Badong previously operated "Back to Sports Fitness & Therapy, LLC," but the LLC has since been dissolved.

## Jurisdiction and Venue

20. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

21. The Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has supplemental jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

22. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, and acts of infringement complained of herein occurred in the State of California and in this judicial district.

23. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the infringement occurred in this district, and each Defendant either resides in this district or has substantial and continuous ties to this district.

**Intradistrict Assignment**

24. Local Rule 3–5(b) Statement: this case is an Intellectual Property Action under Local Rule 3.2(c), and "shall be assigned on a district-wide basis."

**First Claim for Relief**
**Copyright Infringement – 17 U.S.C. §§ 106, *et seq.***
**(Direct, Contributory, Vicarious)**
**(Against All Defendants)**

25. Mr. Franco re-alleges the allegations in Paragraphs 1 through 21.

26. Mr. Franco is the sole owner of the copyrights in original works that have been fixed in tangible media of expression. On October 18, 2017, the United States Copyright Office accepted an application for copyright registration for eight original works, "Gym Weights," "Barbell Stack," "Senior Fitness," "Boxing Training," "Fitness Therapy Studio, Outdoor," "Stretches," "Gym, Interior Shot," and "Exercise Equipment." The application has been assigned case number 1-5922083837 by the Copyright Office.

27. Upon information and belief, Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed Mr. Franco's protected work or derivatives of Mr. Franco's protected work without his consent. Defendants' acts violate Mr. Franco's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Mr. Franco's exclusive rights to produce, reproduce, and distribute copies of his works, to create derivative works, and to publicly display his works.

28. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Mr. Franco's protected copyrighted work. Defendants have failed to exercise their right and ability to supervise persons within their control

to prevent infringement, and they did so with intent to further their financial interest in the infringement of Mr. Franco's works. Accordingly, Defendants have directly, contributorily, and vicariously infringed Mr. Franco's copyrighted works.

29. Because of Defendants' infringing acts, Mr. Franco is entitled to actual damages and Defendant's profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act.

30. Copyright in Mr. Franco's works has been timely registered under 17 U.S.C. § 412, and Mr. Franco is therefore also entitled to statutory damages and attorneys' fees. Because Defendants' infringement is willful, Mr. Franco is entitled to an increase in statutory damages up to $150,000 for each work infringed.

31. Defendants' infringement has caused and would cause irreparable harm to Mr. Franco, for which he has no adequate remedy at law. Unless this Court restrains Defendants from infringing Mr. Franco's protected works, the harm will continue to occur in the future. Accordingly, Mr. Franco is entitled to a preliminary and a permanent injunction.

**Second Claim for Relief**
**Unfair Competition**
***Cal. Bus. & Prof. Code* §§ 17200, *et seq.* and common law**
**(Against All Defendants)**

32. Mr. Franco re-alleges the allegations in Paragraphs 1 through 28.

33. Section 17200 of the *California Business and Professions Code* prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice . . . ."

34. By engaging in the alleged conduct, Defendants have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of

Sections 17200, *et seq.*, and California common law. This conduct includes Defendants' unauthorized use of Mr. Franco's copyrighted works in website promotional material.

35. As an actual and proximate result of Defendants' unfair competition, Defendants have unjustly enriched themselves by, among other things, obtaining profits and depriving Mr. Franco of the compensation to which he is rightly entitled. Mr. Franco is thus entitled to restitution of such sums in an amount to be proved at trial.

## PRAYER FOR RELIEF

Plaintiff Joseph Franco prays for judgment in his favor against Defendants, and each Defendant, as follows:

A) That Defendants' products and materials that infringe Mr. Franco's copyrights, as well as any other articles that contain or embody copies of Mr. Franco's original works, be impounded pursuant to 17 U.S.C. §. 503(a);

B) That Defendants' products and materials that infringe Mr. Franco's copyright, as well as any other articles that contain or embody copies of Mr. Franco's original works, be destroyed pursuant to 17 U.S.C. §. 503(b);

C) That Defendants be required to provide a full accounting to Mr. Franco for all profits derived from their use of Mr. Franco's works and Defendants' production, reproduction, and preparation of derivative works based on, distribution, and display of unauthorized works in all media, from all sources, worldwide;

D) That Defendants be ordered to pay Mr. Franco all damages, including future damages, that Mr. Franco has sustained or will sustain as a result of the acts complained of herein, and that Mr. Franco be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

E) That, in the alternative to Mr. Franco's actual damages and profits of Defendants, Defendants be ordered to pay statutory damages under 17 U.S.C. § 504(c), to the maximum extent allowed by law for willful infringement ($1,200,000);

F) That Defendants be ordered to pay to Mr. Franco pre-judgment and post-judgment interest on all applicable damages;

G) That Defendants be ordered to pay attorneys' fee and costs;

H) That Defendants be permanently enjoined from all further infringement of Mr. Franco's copyrighted works; and

I) Such other or further relief as the Court may deem proper.

DATED: October 30, 2017    LYNCH LLP

By /s/ Connor Lynch
Connor Lynch
*Attorneys for Plaintiff*
*Joseph Franco*

**DEMAND FOR JURY TRIAL**

Plaintiff Joseph Franco hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

DATED: October 30, 2017             L YNCH LLP

                                    By */s/ Connor Lynch*
                                        Connor Lynch
                                        *Attorneys for Plaintiff*
                                        *Joseph Franco*

# Exhibit A








